IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 6:23-CR-00068-JDK |
| vs. | § § § § | |
| JERRY DALE WALKER (1) | § | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On September 3, 2024, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Lucas Machicek. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

*Background*

After pleading guilty to the offense of Conspiracy to Commit Mail Fraud and to Make, Utter, and Possess Counterfeited Securities of an Organization, a Class D felony, Defendant Jerry Dale Walker was sentenced on December 8, 2005, by United States District Judge Sam R. Cummings, Northern District of Texas. The offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of IV, was 24 to 30 months. The Court sentenced Defendant to imprisonment for a term of 30 months, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include restitution in the amount of $1,912.70 with payments to begin 60 days after release from custody, substance abuse aftercare, mental health aftercare, and submission to DNA collection. Defendant completed his term of imprisonment and started his term of supervised release on February 13, 2015.

1

Jurisdiction was transferred to the District of New Mexico on February 16, 2016. Defendant's supervised release was revoked on December 7, 2016, and he was sentenced to imprisonment for 90 days followed by a 2-year term of supervised release. Defendant's supervised release is subject to the standard conditions of supervision plus special conditions to include alcohol abstinence, mental health aftercare, a requirement to take all mental health medications prescribed by the treating physician, no new credit without prior approval from the probation officer, financial disclosure, residence in a residential reentry center for up to 90 days, no communication or interaction with known gang members without prior approval from the probation officer, substance abuse aftercare and testing, search, and restitution of $1,887.70.

Defendant completed this term of imprisonment and started service of the second term of supervised release on November 17, 2022. Jurisdiction transferred to the Eastern District of Texas on May 18, 2023, and the case was assigned to United States District Judge Jeremy D. Kernodle.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on August 20, 2024, United States Probation Officer Michelle Neubauer alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant committed the offense of Theft of Service on or around March 26, 2024, and July 3, 2024, in Henderson County, Texas.

2. **Allegation 2 (standard condition 2): After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when he must report to the probation officer, and he must report to the probation officer as instructed.** It is alleged that Defendant was released from Bureau of Prisons' custody on January 12, 2017, to a detainer from the State of Texas, related to a parole violation. Defendant's parole was revoked. On November 17, 2022, Defendant was released from Texas state custody to a residence in Eustace, Texas. Defendant failed to report to the nearest U.S. Probation Office upon release from state custody. On July 21, 2023, the probation officer conducted a home visit at Defendant's approved residence. A relative of Defendant's was present

2

and stated that Defendant was not home.  She was asked to have Defendant call the probation officer, but Defendant failed to do so.  On August 30, 2023, a phone call was placed to Defendant and a voicemail was left instructing Defendant to call the probation officer.  Defendant failed to do so.  On July 31, 2024, the probation officer conducted a home visit at Defendant's approved residence.  Defendant's roommate was present and stated that Defendant was not home.  She was asked to have Defendant call the probation officer by August 2, 2024, but he failed to do so.

3. **Allegation 3 (standard condition 5): The defendant must live at a place approved by the probation officer.  If the defendant plans to change where he lives or anything about his living arrangements (such as the people he lives with), he must notify the probation officer at least 10 days before the change.  If notifying the probation officer in advance is not possible due to unanticipated circumstances, he must notify the probation officer within 72 hours of becoming aware of a change or expected change.**  It is alleged that Defendant changed his residence on or around August 5, 2023, and failed to report his new address to the probation officer until October 2023.

4. **Allegation 4 (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.**  It is alleged that Defendant admitted on March 28, 2024 that he smoked marijuana approximately two weeks earlier, on or around March 14, 2024.

5. **Allegation 5 (standard condition 11): The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.**  It is alleged that Defendant had contact with the Henderson County Sheriff's Office on or around July 3, 2024, and failed to notify the probation officer of the contact.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class D felony.  Accordingly, the maximum imprisonment sentence that may be imposed is 2 years.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing another crime, failing to report to the probation officer as instructed, failing to notify the probation officer of a change in residence, using and possessing marijuana, and failing to notify the probation officer of contact with law enforcement as alleged in the petition, he is guilty of a Grade C violation.  U.S.S.G. § 7B1.1(a).  Defendant's original criminal history category was IV.  The guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 6 to 12 months.

### *Hearing*

On September 3, 2024, Defendant appeared for a final revocation hearing.  Assistant United States Attorney Lucas Machicek announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence of imprisonment for a term of 6 months with no further term of supervised release.  After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition.  Defendant requested a recommendation to the Bureau of Prisons to confine him at a facility near Ft. Worth, Texas.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made.  I accept Defendant's plea and find by a preponderance of

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 6 months with no further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 6 months with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to a facility near Ft. Worth, Texas.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 6 months with no further term of supervised release.

So ORDERED and SIGNED this 3rd day of September, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE